# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JACQUELINE JOSEPH,        :
                             :

        Plaintiff,        :

                             :

v.                      :     CIVIL ACTION NO.
                             :     1:12-CV-01022-RWS

FEDERAL HOME LOAN     :
MORTGAGE CORPORATION,   :
*et al.*,              :

                             :

        Defendants.     :

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [4] ("Def.s' MTD").  After reviewing the record, the Court enters the following Order.

## Background

In July 2007, Plaintiff executed a Security Deed attaching her property as collateral for a residential mortgage loan in favor of First National Bank of Arizona.[1]  Plaintiff simultaneously executed a promissory note in favor of First

---

[1] Unless otherwise indicated, all facts are taken from Plaintiff's Verified Complaint for Wrongful Foreclosure, Promissory Estoppel, Breach of Contract, Fraud, RICO, Damages, Temporary Restraining Order, Permanent Injunction,

National Bank of Arizona.  Under the Security Deed, Defendant Mortgage

Electronic Registration Systems, Inc. ("MERS") acted as the nominee of the

lender.  On March 24, 2009, MERS assigned the Security Deed to Defendant

BAC Home Loans Servicing, L.P. ("BAC"), formerly known as Countrywide

Home Loans Servicing, L.P.

Plaintiff subsequently stopped making loan payments.  In April 2011,

BAC foreclosed on the property and recorded a Deed Under Power.  BAC

concurrently executed and recorded a Special Warranty Deed conveying its

rights in the property to Defendant Federal Home Loan Mortgage Corporation

("Freddie Mac").  Real Property Management, Inc., acting on behalf of Freddie

Mac, entered into a lease agreement with Plaintiff on May 18, 2011, allowing

Plaintiff to remain on the property as a renter.

On December 1, 2011, Freddie Mac filed an Affidavit for Summons of

Dispossessory in Henry County Magistrate Court demanding possession of the

premises and $1850.00 in unpaid rent from Plaintiff.  Plaintiff answered the

dispossessory claim and appeared before the magistrate court for a hearing on

January 3, 2012.  Plaintiff and Freddie Mac entered into a Dispossessory

Consent Judgment whereby Freddie Mac would take possession of the property

---

Punitive Damages and Attorneys Fees ("Pl.'s Comp."). [1-1].

no earlier than February 21, 2012.  Plaintiff then filed suit against Defendants

for wrongful foreclosure and numerous other claims in Fulton County Superior

Court.  Defendants removed the action to this Court based on diversity

jurisdiction.  28 U.S.C. § 1332.

**Discussion**

## I.      Motion to Dismiss – Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief."  While this pleading standard does not require "detailed factual

allegations," mere labels and conclusions or "a formulaic recitation of the

elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In

order to withstand a motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the

reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as

true, and the reasonable inferences therefrom are construed in the light most

3

favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set

forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

(11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as

true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at

555.

## II.    Defendants' Motion to Dismiss All Claims

A.    Wrongful Foreclosure Claim

To assert a common law claim for wrongful foreclosure, Plaintiff must

show: (1) a legal duty owed to her by the foreclosing party; (2) a breach of that

duty; (3) a causal connection between the breach and the injury she suffered;

and (4) damages. Jenkins v. McCalla Raymer, LLC, 2011 U.S. Dist. LEXIS

95652, at *30 (N.D. Ga. July 28, 2011). Additionally, Georgia has various

statutory requirements regarding non-judicial foreclosure sales. O.C.G.A. § 44-

14-162, *et seq.* Plaintiff's wrongful foreclosure claim appears to be based on

three separate theories: (1) Defendants' alleged failure to exercise fairly and in

good faith the power of sale; (2) Defendants' alleged unauthorized

4

advertisement of Plaintiff's property for sale; and (3) Defendants' alleged failure to provide proper notice to Plaintiff of initiation of proceedings under the power of sale. (Pl.'s Comp., Dkt. [1-1] ¶¶ 54-58.)

Underlying the first two of Plaintiff's theories is her contention that the assignment of the Security Deed from MERS to BAC was fraudulent and invalid.[2] Plaintiff does not directly challenge MERS's authority to assign the Security Deed or sell the property.[3] Rather, Plaintiff argues the assignment was fraudulently executed and therefore, downstream transactions and acts by Defendants related to the foreclosure were fatally flawed. (See Id. ¶¶ 59-61.) Plaintiff maintains that the assignment was fraudulent and invalid for two reasons: the signatories for MERS, C. Troy Crouse and Thomas Sears, were

_____

[2] Plaintiff's Complaint reads: "[B]y advertising the Plaintiff's property for foreclosure sale with a fraudulent and invalid assignment the Defendants failed to exercise fairly and in good faith the power of sale in a deed to secure debt and breached their duty to exercise fairly and in good faith the power of sale in the Security Deed." (Pl.'s Comp., Dkt. [1-1] ¶ 56.)

[3] Under the Security Deed, Plaintiff granted and conveyed the property "to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale." (Security Deed, Dkt. [1-1] at 34.) Additionally, the document reads: "Borrower understands and agrees . . . if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (Id.)

5

never Vice Presidents of MERS[4] and they did not have authority to execute the assignment; and the assignment document purports that MERS held and assigned the promissory note, which was executed separately with First National Bank of Arizona and was never transferred to Defendants. (Id. ¶ 59(c)-(d), (m).)

Defendants, in turn, argue that Plaintiff does not have standing to challenge the validity of the assignment because she is not a party to that contract. The Court agrees with Defendants. Georgia law is clear: "As a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a); see also, Woodberry v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 4197, at *5 (N.D. Ga. Jan. 12, 2012) ("Plaintiff does not have standing to challenge the assignment from MERS to BONY because he was not a party to the assignment."); Rosenhaft v. BAC Home Loans Servicing, LP, 2012 U.S. Dist. LEXIS 18155, at *4 (N.D. Ga. Feb. 13, 2012) ("Plaintiff does not have standing to challenge the

---

[4] Under the signature lines where Mr. Crouse and Mr. Sears signed the assignment document, it reads "Vice President" in typed print. (Assignment, Dkt. [1-1] at 51.) Plaintiff does not allege that Mr. Crouse or Mr. Sears made any other representations that they are or were ever Vice Presidents of MERS.

6

assignment from MERS to BAC because she was not a party to the assignment."). Therefore, to the extent Plaintiff's wrongful foreclosure theories rely upon the alleged invalidity of the Security Deed's assignment, those theories are without merit.

However, Plaintiff also argues that she was not in default because Defendant BAC sent her a letter stating that she should stop making mortgage payments in order to get a permanent loan modification. (Pl.'s Comp., Dkt. [1-1] ¶¶ 33, 63.) Plaintiff claims she relied on BAC's statements and waited for a permanent loan modification. (Id. ¶ 34.) But when she stopped making payments, BAC foreclosed on her property and recorded a Deed Under Power. (Id. ¶ 35.)

In Georgia, a foreclosing creditor has a duty to exercise fairly the power of sale. O.C.G.A. § 23-2-114; see also DeGolyer v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) ("Where a grantee does not comply with the statutory duty under OCGA § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."); Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. Ct. App. 1996 ) ("A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose."). At the

motion to dismiss phase, this Court must construe the facts in Plaintiff's favor.

Bryant, 187 F.3d at 1273 n.1. Here, Plaintiff alleges that BAC told her in

writing to stop making payments in order to receive a permanent modification.

If BAC did make such a statement and foreclosed anyway, Plaintiff has stated a

plausible claim for wrongful foreclosure based on BAC's failure to exercise the

power of sale fairly and in good faith.

Plaintiff further alleges that Defendants did not provide proper notice of

the non-judicial foreclosure sale as required under O.C.G.A. § 44-14-162.2.[5]

(Pl.'s Comp., Dkt. [1-1] ¶¶ 42, 58.) "Where a foreclosing creditor fails to

comply with the statutory duty to provide notice of sale to the debtor in

accordance with O.C.G.A. § 44-14-162 *et seq*., the debtor may either seek to set

aside the foreclosure or sue for damages for the tort of wrongful foreclosure."

Innocent v. Wachovia Mortg., 2012 WL 602129, at *3 (N.D. Ga. Feb. 22, 2012)

(quoting Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 417 (Ga. Ct. App.

2008)). Again, construing the facts in Plaintiff's favor, the Court finds that

---

[5] Under O.C.G.A. § 44-14-162.2, "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure."

AO 72A
(Rev.8/82)

Plaintiff has stated a plausible claim for wrongful foreclosure based on a failure to provide proper notice.

Therefore, Defendants' Motion to Dismiss is **DENIED** with regard to Plaintiff's wrongful foreclosure claim (Count I), but only to the extent the claim is based on breach of the duty to exercise fairly the power of sale and failure to provide proper notice, not on the alleged illegality or invalidity of the Security Deed assignment .

B.     Fraud Claim

Plaintiff makes several allegations of fraudulent conduct by Defendants related to assignment of the Security Deed, foreclosure, the Deed Under Power, the Special Warranty Deed, and execution of the rental agreement between Real Property Management ("RPM") and Plaintiff.  (Pl.'s Comp., Dkt. [1-1] ¶¶ 66-81.)  Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that fraud be pled with particularity.  To satisfy Rule 9(b), "the Plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud."  Adams v. Mort. Elec. Registration Sys., 2012 WL 5077356, at *5 (N.D. Ga. Oct. 17, 2012) (quoting Brooks v. Blue Cross & Blue Shield of

Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997)).  There are five elements to

a fraud claim in Georgia: "(1) a false representation or omission of a material

fact; (2) scienter; (3) intention to induce the party claiming fraud to act or

refrain from acting; (4) justifiable reliance; and (5) damages." Lehman v.

Keller, 677 S.E.2d 415, 417 (Ga. Ct. App. 2009).  Defendants argue that

Plaintiff has failed to satisfy the heightened pleading requirements under Rule

9(b) and to show that she relied to her detriment on misrepresentations by

Defendants.  The Court agrees with Defendants.

Plaintiff lacks standing to challenge the assignment of the Security Deed

because she was not a party to that contract.  See supra Part II.A.  As a result, to

the extent Plaintiff's fraud claim relies on a theory of fraudulent assignment, her

claim is without merit.  Further, Plaintiff has failed to show that she justifiably

relied to her detriment on alleged misrepresentations by Defendants.  Plaintiff

claims she relied "by making payments to Defendant BAC" (presumably,

instead of making those payments to MERS). (Pl.'s Comp., Dkt. [1-1] ¶ 78.)

However, Plaintiff had a preexisting obligation to make mortgage payments

under the terms of the promissory note and Security Deed and therefore, she

cannot claim the payments as detrimental reliance.  See King v. GMAC Mortg.,

LLC, 2010 WL 4983297, at *2 (D. Nev. Dec. 2, 2010);

<u>Vineyard v. BAC Home Loan Servicing, LP</u>, 2011 WL 8363481, at *7 (W.D. Tex. Dec. 28, 2011).

Plaintiff also maintains that Real Property Management, "acting on behalf and to the benefit of Defendant Freddie Mac, fraudulently misrepresented to Plaintiff that they were the landlords and foreclosure owner of the property and induced Plaintiff by their fraud to enter into a void and null Rental/Lease Agreement." (Pl.'s Comp., Dkt. [1-1] ¶ 80.) By Plaintiff's own admission, RPM was "acting on behalf and to the benefit of" Freddie Mac. Plaintiff fails to allege, as required under Rule 9(b), how the listing of RPM rather than Freddie Mac as landlord and foreclosure owner induced her to sign the lease agreement and how she was harmed by signing the agreement with an agent of Freddie Mac instead of Freddie Mac itself. Under the rental agreement, voluntarily signed by Plaintiff, Plaintiff was allowed to stay in her home in exchange for rent payments. Consequently, she has failed to show detrimental reliance in support of a fraud claim.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's fraud claim (Count II) is **GRANTED**.

11

C.    Georgia RICO

Plaintiff alleges that Defendants violated the Georgia Racketeer

Influenced and Corrupt Organizations Act ("Georgia RICO"), O.C.G.A. § 16-

14-1, *et seq*.  Under the Georgia RICO statute, Plaintiff must show that

Defendants, through a pattern of racketeering activity or proceeds derived

therefrom, acquired or maintained, directly or indirectly, an interest in or

control of real property.  O.C.G.A. § 16-4-4(a).  "Pattern of racketeering" is

defined as: "[e]ngaging in at least two acts of racketeering activity in

furtherance of one or more incidents, schemes, or transactions that have the

same or similar intents, results, accomplices, victims, or methods of

commission or otherwise are interrelated by distinguishing characteristics, and

are not isolated incidents . . . ." O.C.G.A. § 16-14-3(8)(A).  "Racketeering

activity" is defined in terms of enumerated crimes chargeable by indictment

under Georgia law.  O.C.G.A. § 16-14-3(9)(A).  Defendants argue that Plaintiff

has failed to allege a pattern of racketeering as it is defined in the statute.  The

Court agrees.

In support of her Georgia RICO claim, Plaintiff alleges that Defendants

"made and used false and fraudulent documents, knowingly, in matters

12

concerning real property and filed such documents with the Henry County Superior Court Clerk, Real Estate Division, in violation of O.C.G.A. § 16-10-10." (Pl.'s Comp., Dkt. [1-1] ¶ 86.) Plaintiff also makes general allegations regarding Defendants' material misrepresentations and omissions in connection with the promissory note, Security Deed, and the foreclosure. However, none of these alleged crimes fall within the Georgia RICO statute's definition of "racketeering activity."

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's Georgia RICO claim (Count III) is **GRANTED**.

D.     Promissory Estoppel

Plaintiff raises a claim against Defendant BAC[6] for promissory estoppel, alleging that she relied on BAC's promise to permanently modify her loan agreement if she stopped making her mortgage payments. (Pl.'s Comp., Dkt. [1-1] ¶¶ 97-101.) To state a claim for promissory estoppel under Georgia law, a plaintiff must show: "(1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiff to rely on such promise; (3) the plaintiff relied on such promise to its detriment; and (4) an

_____

[6] BAC is the only Defendant mentioned in Count IV.

injustice can only be avoided by the enforcement of the promise." Szlek v. U.S.

Bank, 2012 WL 3756941, at *3 (N.D. Ga. Aug. 28, 2012) (quoting Handon

Props., LLC v. Cinema Dev., LLC, 620 S.E.2d 644, 649 (Ga. Ct. App. 2005));

see also, O.C.G.A. § 13-3-44(a). "Promissory estoppel does not, however,

apply to vague or indefinite promises, or promises of uncertain duration."

Szlek, 2012 WL 3756941, at *3 (quoting Georgia Inv. Int'l, Inc. v. Branch

Banking & Trust Co., 700 S.E.2d 662, 664 (Ga. Ct. App. 2010)).

BAC argues that Plaintiff has not asserted all of the necessary elements

of promissory estoppel because she has failed to allege a sufficiently definite

promise. (Def.s' MTD, Dkt. [4] at 17.) The Court disagrees. Plaintiff does

provide specifics about the alleged promise. She claims that the promise was

made by BAC at the end of the six-month temporary loan modification period.

(Pl.'s Comp., Dkt. [1-1] ¶ 97.) She further alleges that BAC promised "orally

and in writing that it was in agreement to modify her loan on a permanent basis

in accordance with their previous temporary loan modification for which

plaintiff was paying $1,462.03 per month." (Id. ¶ 101.) Finally, she alleges

that BAC told her to stop paying her mortgage to receive the permanent

modification. (Id. ¶ 97.)

14

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's promissory estoppel claim (Count IV) is **DENIED**.

E.    Unjust Enrichment

Plaintiff argues that Defendants, "by their wrongful acts and omissions," have been unjustly enriched at her expense.  (Pl.'s Comp., Dkt. [1-1] ¶ 106.) The complaint alleges no other facts or grounds to support the unjust enrichment claim.  Defendants argue that Plaintiff has failed to state a claim for unjust enrichment.  Specifically, Defendants argue that the claim is unavailable here because it derives from a loan contract.  (Def.s' MTD, Dkt. [4] at 18.)

It is true that under Georgia law, "unjust enrichment is available only when there is no legal contract."  Am. Casual Dining, L.P. v. Moe's Southwest Grill, LLC, 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006); see also Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *7 (N.D. Ga. Apr. 26, 2010) (where Plaintiff's claim "derives from a loan contract, unjust enrichment does not apply").  However, based on the complaint's cursory treatment of the unjust enrichment claim, it is difficult to determine whether the "wrongful acts and omissions" alleged by Plaintiff derive from the contractual relationship between

AO 72A
(Rev.8/82)

the parties.[7]  But the Court need not wade very far into this issue because Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements with regard to this claim.  She includes a single conclusory statement that Defendants have been unjustly enriched and no factual matter to support the cause of action, which is insufficient to state a claim for relief.  See Iqbal, 556 U.S. at 678.  There are no facts from which the Court can draw a reasonable inference that defendant is liable.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's unjust enrichment claim (Count V) is **GRANTED.**

F.     Void or Cancel Assignment of the Security Deed

Plaintiff again argues that the assignment of the Security Deed is invalid and therefore, the assignment should be cancelled.  Plaintiff does not have standing to challenge the validity of the assignment.  *See supra* Part II.A.

---

[7] In her response to Defendants' Motion to Dismiss, Plaintiff contends that she only has a contractual relationship with MERS (and not with the other Defendants) because the assignment of the Security Deed was invalid. (Plaintiff's Response to Defendants' Motion to Dismiss with Incorporated Memorandum of Law in Support ("Pl.'s Resp."), Dkt. [9] at 19.)  Plaintiff appears to clarify in her response that her claim is indeed based on wrongful acts and omissions related to the parties' loan contracts, particularly the alleged improper assignment of the Security Deed.  Insofar as Plaintiff's unjust enrichment claim derives from the parties' legal loan contracts, her claim is barred by Georgia law.

AO 72A
(Rev.8/82)

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's claim to void or cancel assignment of the security deed (Count VI) is **GRANTED.**

G.     Claim to Quiet Title

Plaintiff seeks to quiet title in her favor because, she alleges, she is the equitable owner of the property and Defendants "had no right to title or interest in the subject property and no right to entertain any rights of ownership including the right to foreclosure, offering the subject property for sale at a foreclosure sale, or demanding possession." (Pl.'s Comp., Dkt. [1-1] ¶¶ 113-14.) She is seeking a judicial declaration that title to the property is vested in her alone. (Id. ¶ 116.) Defendants argue that Plaintiff has failed to allege facts demonstrating that title is vested in her; instead, under the Security Deed, Plaintiff granted legal title to the lender and the lender's successors and assigns. (Def.s' MTD, Dkt. [4] at 20.)   The Court agrees with Defendants.

The documentation attached to Plaintiff's complaint clearly contradicts her allegations. The Security Deed explicitly transfers to MERS and its successors and assigns the right to foreclose and sell the property. (Security Deed, Dkt. [1-1] at 34.) Additionally, the document reads: "This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing

17

title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby." (Id. at 44.)  To the extent Plaintiff's claim rests on her argument that title did not pass to Defendants under the allegedly fraudulent Security Deed assignment, her claim is also without merit.  *See supra* Part II.A.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's claim to quiet title (Count VII) is **GRANTED**.

H.     Slander of Title

To support her slander of title claim, Plaintiff alleges that "Defendants wrongfully and without privilege, have published matters or caused matters to be published that they are the current owners of the subject property which is untrue and disparaging to Plaintiff's interest in the subject property."  (Pl.'s Comp., Dkt. [1-1] ¶ 121.)  To state a claim for slander of title, a plaintiff must allege: (1) publishing of slanderous words; (2) that such words were false; (3) that the plaintiff sustained special damages; and (4) that the plaintiff possessed an estate in the property slandered.  Latson v. Boaz, 598 S.E.2d 485, 487 (Ga. 2004); see also O.C.G.A. § 51-9-11.  Defendants argue that Plaintiff has failed to allege facts showing that the recorded documents (Security Deed, Deed Under Power, and Special Warranty Deed) were false and that she sustained

special damages.  (Def.s' MTD, Dkt. [4] at 21-22.)  The Court agrees with Defendants.

To support her claim, Plaintiff alleges that none of the Defendants "were ever a beneficiary or assignee of any beneficiary of any security deed recorded against the subject property."  (Pl.'s Comp., Dkt. [1-1] ¶ 120.)  Accordingly, Plaintiff states, Defendants "wrongfully caused the recording of the Deed Under Power and Special Warranty Deed against the subject property."  (Id.)  Again, this contention is clearly contradicted by documents attached to the complaint, which name Defendants as beneficiaries and assignees under the Security Deed, the Deed Under Power, and the Special Warranty Deed.  (See Id. at 32-56.)  Therefore, Plaintiff has failed to allege facts showing that the recorded words (or documents) were false.  Furthermore, the complaint includes only a conclusory statement that the "conduct of Defendants caused Plaintiff to suffer general and special damages in an amount to be proven at trial."  (Id. ¶ 124.)  That statement alone is insufficient to make a plausible factual showing that Plaintiff has in fact suffered special damages.

AO 72A
(Rev.8/82)

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's slander of title claim (Count VIII)[8] is **GRANTED**.

I.    Punitive Damages

Plaintiff seeks punitive damages for Defendants' "willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Plaintiff. (Pl.'s Comp., Dkt. [1-1] ¶ 126.)  Defendants argue that "requests for punitive damages, costs, and attorney's fees are completely dependent on the success of the substantive underlying claims," and because Plaintiff's substantive claims are subject to dismissal, this prayer for relief must also be dismissed. (Def.s' MTD, Dkt. [4] at 22.)  However, the Court has denied Defendants' Motion to Dismiss with regard to Plaintiff's wrongful foreclosure claim (in so far as the claim is based on breach of the duty to exercise fairly the power of sale and failure to give proper notice). *See supra* Part II.A.

In Georgia, a wrongful foreclosure action sounds in contract and tort law. Clark v. West, 395 S.E.2d 884, 886 (Ga. Ct. App. 1990).  Mortgagees have a statutory duty "to exercise fairly and in good faith the power of sale in a deed to secure debt." Id.  "Although arising from a contractual right, breach of this

---

[8] Plaintiff's complaint mislabels her slander of title claim as Count VII.

20

duty is a tort compensable at law." Id.  Consequently, punitive damages are

awardable in wrongful foreclosure cases.  Id.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's

claim for punitive damages (Count IX) is **DENIED.**

J.      Attorney's Fees and Expenses of Litigation

Plaintiff seeks an award of attorney's fees and expenses of litigation

based generally on the "conduct of Defendants."  (Pl.'s Comp., Dkt. [1-1] ¶

128.)  Defendants argue that Plaintiff's request should be denied because her

underlying substantive claims are subject to dismissal.  (Def.s' MTD, Dkt. [4] at

22.)  However, the Court has denied Defendants' Motion to Dismiss with regard

to some of Plaintiff's claims.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's

claim for attorney's fees and litigation costs (Count X) is **DENIED.**

K.      Equitable Rescission of Foreclosure

Plaintiff claims that because the foreclosure sale was fraudulent, the

Court should set aside the sale to Freddie Mac.  (Pl.'s Comp., Dkt. [1-1] ¶¶ 130-

31.)  A party injured by wrongful foreclosure may seek to set aside the

foreclosure.  Clark, 395 S.E.2d at 885.  Because the Court has denied

Defendants' Motion to Dismiss with regard to Plaintiff's wrongful foreclosure claim (in so far as the claim is based on breach of the duty to exercise the power of sale fairly and in good faith and failure to give proper notice), *see supra* Part II.A., Defendants' Motion to Dismiss with regard to Plaintiff's claim for rescission of the foreclosure (Count XI) is **DENIED.**

L.      Temporary Restraining Order and Permanent Injunction

Plaintiff seeks a temporary restraining order and a permanent injunction barring Defendants from dispossessing Plaintiff from the Property.  (Pl.'s Comp., Dkt. [1-1]  ¶¶ 133, 138.)  A temporary restraining order is an "extraordinary and drastic remedy."  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.  Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). Here, according to Plaintiff, the parties have reached an agreement to delay

Plaintiff's eviction from the Property until the resolution of this matter.  (Pl.'s Resp., Dkt. [9] at 3.)  Therefore, Plaintiff will not suffer irreparable harm in the absence of an injunction and a temporary restraining order is not warranted.

Similarly, to receive a permanent injunction, Plaintiff must show she has suffered an irreparable injury.  See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  Given the parties' agreement to postpone any eviction proceedings until the close of this matter, Plaintiff cannot make such a showing. Consequently, Plaintiff is not entitled to a permanent injunction.

Therefore, Defendants' Motion to Dismiss with regard to Plaintiffs' request for injunctive relief (Count XII) is **GRANTED.**

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss is **DENIED in part** and **GRANTED in part**.  The motion is **DENIED** as to Count I (wrongful foreclosure); **GRANTED** as to Count II (fraud); **GRANTED** as to Count III (Georgia RICO); **DENIED** as to Count IV (promissory estoppel); **GRANTED** as to Count V (unjust enrichment); **GRANTED** as to Count VI (void or cancel

23

assignment of the security deed); **GRANTED** as to Count VII (quiet title);

**GRANTED** as to Count VIII (slander of title); **DENIED** as to Count IX

(punitive damages); **DENIED** as to Count X (attorney's fees and litigation

expenses); **DENIED** as to Count XI (rescission of foreclosure); and

**GRANTED** as to Count XII (temporary restraining order and permanent

injunction).

      **SO ORDERED**, this  5th  day of November, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)